**Aleksandar ETEMOVIC, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71243.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 9, 2011.

John M. Levant, Esquire, Ask Law Group, Los Angeles, CA, for Petitioner.

Richard M. Evans, Esquire, Assistant Director, Andrew Jacob Oliveira, Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Aleksandar Etemovic, a native of the former Yugoslavia and citizen of Serbia,

petitions for review of the Board of Immigration Appeals' order dismissing his appeal from the immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir.2008), and review for substantial evidence factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1185 (9th Cir. 2006). We deny the petition for review.

The record does not compel the conclusion that changes in the former Yugoslavia since Etemovic last entered the United States materially affect his eligibility for asylum or that he filed his application within a reasonable time after any changes occurred. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales,* 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam). Accordingly, we deny the petition as to Etemovic's asylum claim.

Substantial evidence supports the agency's denial of withholding of removal because Etemovic did not establish a clear probability of persecution on account of his mixed Serbian/Albanian ethnicity or because he would be perceived as an American or pro-Western. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (possibility of future persecution too speculative). Further, we reject Etemovic's contention that the agency erred in its analysis of his withholding of removal claim because the record does not compel the conclusion that there is a pattern or practice of persecution of people similarly situated to him. *See Wakkary v. Holder,*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

558 F.3d 1049, 1061–62 (9th Cir.2009). Accordingly, Etemovic's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Etemovic failed to establish a likelihood of torture in Serbia. *See* 8 C.F.R. §§ 1208.16(c)(2), (3); *Delgado–Ortiz v. Holder,* 600 F.3d 1148, 1152 (9th Cir.2010).

Etemovic's contention that the agency did not consider the evidence fails, because he has not overcome the presumption the agency reviewed the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

Finally, Etemovic's claim that the agency erred because it did not explain its conclusions fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.